Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7957 | **DATE** | 1/11/2002 |
| **CASE TITLE** | Mack Boyd vs. D. Snyder, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to proceed in forma pauperis is granted. Plaintiff's motion for appointment of counsel is granted. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 14 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MACK BOYD (IDOC # A-90977),   )
                              )
    Plaintiff,                )
                              )   No. 01 C 7957
    v.                        )
                              )   Judge George W. Lindberg
D. SNYDER, et. al.,           )
                              )
    Defendants.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff Mack Boyd, a prisoner in the custody of the Illinois Department of Corrections (IDOC) at Pontiac Correctional Center, seeks to bring this pro se civil rights action against IDOC personnel without prepayment of the filing fee. Finding that he is unable to prepay the filing fee, the court grants his motion to proceed without prepayment.[1]

Under 28 U.S.C. § 1915A the court is required to review complaints filed by prisoners against officers or employees of governmental entities and dismiss any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. In determining whether the complaint states a claim upon which relief may be granted, the court applies the standard employed in deciding a motion to dismiss under Rule 12(b)(6), taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

---

[1] As it appears from his application that plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1), the initial partial filing fee is waived. 28 U.S.C. § 1915(b)(4). The trust fund officer at plaintiff's current place of incarceration is ordered to collect monthly payments from plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Fiscal Dept., and shall clearly identify plaintiff's name and the case number assigned to this action.

At the time of the events giving rise to the complaint, plaintiff was confined in the segregation unit at Stateville Correctional Center. Plaintiff alleges in his complaint and the attached grievance that on the morning of November 29, 2000, he noticed a medication package on the door flap of his cell that had been placed there by defendant medical technician Jonathan Brown. Plaintiff asked defendant Correctional Officer T. Pork whether the medication was his. Pork asked plaintiff's name and ID number, then handed the package into plaintiff's cell.

Plaintiff then saw that the medication was not his. He became angry because this was the second time in five days that he had received someone else's medication. He had recently been returned to the segregation unit after a suicide attempt and felt that nobody cared whether he lived or died. In an impulsive gesture he swallowed all six pills in the package. (The pills were Verapamil, a high blood pressure medication.) Plaintiff then announced to defendant Correctional Officer Baker what he had done. The complaint does not say how much time elapsed between plaintiff's swallowing of the pills and his informing correctional officers of it.

Plaintiff alleges that Baker and Brown did not send him to the hospital after he told them he had taken the medication. In order to get medical attention, he staged two more suicide attempts, scratching his wrist on the window of his cell and making preparations to hang himself by tying his sheet to a light fixture. At that point, some three hours after he had taken the pills, he was taken for medical attention. Plaintiff alleges that his stomach was flushed and he was kept overnight in the hospital. (Medical progress notes attached to the complaint show only psychiatric treatment, but the notes may not be complete, nor are they completely legible.)

In addition to Brown, Pork and Baker, plaintiff also named as a defendant Joseph Smith, Medical Director at Stateville, although he does not complain that his care was inadequate once he was brought to the prison hospital. He also names the warden of Stateville, Kenneth Briley, IDOC Director Donald Snyder, and K.A. Fairless and T. Anderson, members of the IDOC Administrative Review Board, who ruled on his administrative grievance.

The Constitution does not protect prisoners from negligent mistreatment; the Eighth Amendment only prohibits cruel and unusual *punishment*. Punishment implies pain or injury

resulting either from intentional acts, or from deliberate indifference to a known, serious risk to a prisoner's health or safety. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Although it may seem strange to call the failure to prevent self-inflicted injury "cruel and unusual punishment," it is established that deliberate indifference to a serious risk of suicide can violate the Eighth Amendment. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001); *Estate of Cole v. Fromm*, 94 F.3d 254 (7th Cir. 1996). And it is also established that a deliberate and unreasonable delay in responding to a serious medical condition can violate the Eighth Amendment. *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

Brown's placing the medication package on the wrong cell door is no more than negligence, and will not support a claim. Officer Pork presumably knew that the plaintiff could determine that the medication was not his; Pork was not attempting to poison him by inducing him to take another inmate's medication. Pork can be liable only if he knew that plaintiff was likely to attempt suicide, and that if he ingested the medication in the package he could seriously injure or kill himself.

Plaintiff does not allege that Pork knew that plaintiff was a suicide risk, although plaintiff's grievance states that he had recently been returned to the unit after a suicide attempt, and Pork may have known of this. For purposes of this review, we will infer that Pork knew that plaintiff was at risk of committing suicide, so his knowingly giving plaintiff another inmate's medication could give rise to liability.

Baker and Brown's initial refusal to send plaintiff to the hospital after he told them he had taken the pills is also a close call. Plaintiff does not allege that Baker and Brown saw any symptoms, and it appears that when he arrived at the hospital he was not manifesting any.[2] Baker and Brown were not required to believe plaintiff's statement that he had swallowed the pills, and

---

[2] The progress note attached to the complaint states: "Inmate brought from segregation (I-House) after he scraped his wrist and ingested 6-Verapamil 240 [mg.] tablets, allegedly. He explains that he was angry because he was put into a cell with no running water and was trying to bring attention to his issues."

3

if they honestly did not believe plaintiff was in danger they would not be liable. *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 428-29 (7th Cir. 1991).

Further, there is the matter of an injury, a requirement of any claim under § 1983. *Niehus v. Liberio*, 973 F.2d 526, 531-32 (7th Cir. 1992). Baker and Brown did not cause plaintiff to ingest the medication. Their deliberate indifference, if they were deliberately indifferent, only caused some unspecified delay in plaintiff's treatment. Plaintiff does not allege any permanent injury resulting from the incident, and it is unclear what additional suffering or other injury was caused by the delay, as opposed to plaintiff's ingestion of the drug itself. *See Langston*, 100 F.3d 1240-41. Nevertheless, while plaintiff will have to produce evidence on these points to prevail at trial, or even survive summary judgment, at this stage of the proceedings we find plaintiff has stated a claim as to Baker and Brown as well.

Plaintiff does not allege any actions by defendant Dr. Smith. Assuming that as medical director he was Brown's supervisor, he cannot be held liable for Brown's actions without some kind of personal participation in the acts causing plaintiff's injury. *Sanville*, 266 F.3d at 740. Smith is accordingly dismissed as a defendant.

Defendants Snyder, Fairless, Anderson and Briley must also be dismissed. Plaintiff has named them as defendants because they rejected his grievances, failed to investigate the incident, and failed to discipline Pork, Baker and Brown. What all these actions have in common is that none of them caused or contributed to plaintiff's injury. Prisoners do not have an independent right to a grievance procedure to investigate and remedy violations of their constitutional rights. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996). And while a supervisor can become liable for a subordinate's ongoing constitutional violation by failing to intervene once he becomes aware of it, once a violation is complete a supervisor does not become liable by failing to investigate or discipline the subordinate after the fact, because his failure in no way caused the plaintiff's injury. *See Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994); *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1444 (7th Cir. 1990). Accordingly, plaintiff may proceed only against defendants Brown, Pork and Baker; all other defendants are dismissed.

4

The court denies plaintiff's motion for appointment of counsel at this time. There is no right to appointment of counsel in a civil case, and before appointing counsel the court needs to be satisfied both that plaintiff cannot obtain justice without an attorney and that he has a reasonable chance of winning if an attorney were appointed. *See Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

The clerk shall issue summons for defendants Brown, Pork and Baker. The United States Marshals Service is appointed to serve defendants, and shall serve them with a copy of this order together with the summons and complaint. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed.R.Civ.P. 4(d)(2) before attempting personal service on defendants.

Plaintiff is directed to file all papers concerning this action with the clerk of court in care of the prisoner correspondent. Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper sent directly to the judge or that fails to comply with these instructions may be disregarded by the court or returned to plaintiff. The is directed to send the plaintiff the court's Notice of Availability of a Magistrate Judge and Instructions for Submitting Documents along with a copy of this order.

IT IS SO ORDERED.

George W. Lindberg, Judge
United States District Court

DATED: JAN 1 0 2002

5